SUMMARY ORDER

Petitioner Li Ping Huang, a native and citizen of the People’s Republic of China, seeks review of a May 80, 2008 order of the BIA affirming the December 18, 2006 decision of Immigration Judge (“IJ”) Javier Balasquide denying Huang’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Li Ping Huang, No. A 78 231 858 (B.I.A. May 30, 2008), aff'g No. A 78 231 858 (Immig. Ct. N.Y. City Dec. 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion affirming the Id’s decision in part and modifying it in part, this Court reviews the IJ’s decision as modified by the BIA, confining its review to the rationale of the IJ on which the BIA relied. See Dong Gao v. BIA 482 F.3d 122, 125 (2d Cir.2007). Because the BIA assumed Huang’s credibility, we will do the same. See Yan Chen v. Gonzales, 417 F.3d 268, 271-72 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. *516 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because Huang failed to raise any claim based on her membership in a particular social group in her appeal to the BIA, we decline to consider that unexhausted issue. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). However, we are unpersuaded by the government’s argument that we are without jurisdiction to consider Huang’s challenge to the denial of her applications for withholding of removal and CAT relief. Before the agency, Huang challenged the IJ’s nexus finding, which was dispositive of both her claims for asylum and withholding of removal. Moreover, while the government is correct that Huang failed to raise the denial of CAT relief before the BIA, the BIA nonetheless addressed that claim, preserving Huang’s challenge to it. See Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994).
As amended by the REAL ID Act, Title 8, Section 1158(b)(1)(B)(i) of the U.S.Code provides that an asylum “applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.” We find no error in the agency’s conclusion that Huang’s claim lacked a sufficient nexus to a protected ground. While Huang’s arguments offer the possibility that a reasonable adjudicator could have found that Chinese authorities were or will be partially motivated to persecute her and other striking workers on account of a perceived anti-government opinion, she articulates no basis on which we are “compelled” to find — contrary to the agency — that such an opinion was or will be a “central” motive. See 8 U.S.C. §§ 1158(b)(1)(B)(i), 1252(b)(4)(B); cf. Osorio v. INS, 18 F.3d 1017, 1029 (2d Cir.1994) (finding that the agency erred in failing to address the political dimension nor political context of the petitioner’s activities where they were conducted as a part of a union and substantial background evidence indicated that the government perceived union activities as a political threat to their authority). China’s general intolerance for dissent, as exemplified by the regulation banning all strikes, does not compel the conclusion that, in her individual circumstances, the police detained her on account of her political opinion. See Manzur, 494 F.3d at 289. In light of the foregoing, the agency’s denial of her asylum and withholding of removal claims was proper. See 8 U.S.C. § 1158(b)(1)(B)(i).
The agency denied Huang’s application for CAT relief because she failed to demonstrate that she would more likely than not be tortured upon return to China. Huang argues that the agency failed to adequately support that conclusion with any specific findings of fact or law where the evidence indicated that “she would be subjected to more persecution from Chinese officials as well as from Chinese police who will arrest and imprison her in deplorable conditions” upon her return. However, summary analysis may sometimes be sufficient, and the Court does not require the agency to provide a detailed analysis of insignificant pieces of evidence. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006). So, while the agency must consider “ ‘Significant factual assertions’ ” supporting an applicant’s claim, see id. (quoting Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 403 (2d Cir.2005) (emphasis added)), the record here supports the agency’s conclusion that Huang failed to meet her burden in establishing that she would more likely than not *517 be tortured. Indeed, before this Court, Huang argues only that the evidence indicated that she would be “subjected to more persecution.” However, Huang failed to demonstrate that she was persecuted in the past, and even if she had, torture is “something more severe than the kind of treatment that would suffice to prove persecution.” Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).